IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   15-cv-01588-WYD-KMT

JOSHUA PAUL TILATITSKY,

    Plaintiff,

v.

MEDICREDIT, INC.,

    Defendant.

## ORDER TO TRANSFER

I.    INTRODUCTION

On July 25, 2015, Plaintiff commenced this action against Defendant under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d).  (ECF No. 1, Compl. ¶ 1). This matter is before me on Defendant's Renewed Motion to Change Venue (the "Motion") (ECF No. 32), filed April 19, 2106.  Plaintiff "take[s] no position with respect to renewal of the Motion for a change of venue" and has not filed a response to the Motion.  (ECF No. 32 at 1).  Therefore, the Motion is deemed fully briefed and ripe for decision.

Having carefully considered the Motion, the relevant record, and all legal authorities, I grant Defendant's Motion to change venue for the reasons stated below.

II.    DISCUSSION

In the Motion, Defendant requests that I transfer this action to the United States District Court for the Eastern District of Missouri because it principal place of business is

located in Columbia, Missouri.

28 U.S.C. § 1404(a) provides "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Congress enacted the statute "as a 'federal housekeeping measure,' allowing easy change of venue within a unified federal system." *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981)).  Although Congress drafted section 1404(a) in accordance with the doctrine of forum non conveniens, "the statute was intended to revise rather than merely codify the common law." *Id.*  District courts therefore enjoy greater discretion to transfer a case pursuant to section 1404(a) than to dismiss the action based upon the forum non conveniens doctrine. *Id.*  The moving party bears the burden of demonstrating that the existing forum is inconvenient. *Id.*

The decision whether to transfer an action lies within the sound discretion of the trial judge.  *See Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978).  In exercising that discretion, the Court must "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Chrysler*, 928 F.2d at 1516 (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  Among the factors a district court should consider are: (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to

the enforceability of a judgment; (5) the relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other practical considerations that make a trial easy, expeditious and economical.  *Id.* (citation omitted).

In this case, while Plaintiff has selected Colorado as his forum of choice, it appears that Plaintiff has no opposition to transferring this matter to the Eastern District of Missouri.  Further, Plaintiff does not reside in Colorado and is a citizen of the State of New York.  *See Spires v. Hosp. Corp. of Am.,* No. 06-2137-JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006) (holding that when the plaintiff does not reside in the chosen forum, the rationale for allowing the plaintiff to dictate the forum evaporates); *see also* 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3848 (3d ed.2007) (observing that many courts give substantially less, if any, deference to the plaintiff's choice of forum when the plaintiff resides elsewhere).  It also appears that at the inception of this case, Plaintiff may have mistakenly believed that Defendant maintained its business in Colorado while the Motion states otherwise.  (ECF No. 1, Compl. ¶ 3).

As to the remaining factors governing transfer, I conclude that the balance of equities tips strongly in favor of a transfer of this case to the Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a).

III.     CONCLUSION

Accordingly, Defendant's Motion to change venue should be granted.  Based

upon the foregoing, it is

    ORDERED that Defendant's Renewed Motion to Change Venue (ECF No. 32) is **GRANTED.**  In accordance therewith, it is

    FURTHER ORDERED that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Eastern District of Missouri.

    Dated:  June 7, 2016

                            BY THE COURT:

                            s/ Wiley Y. Daniel
                            Wiley Y. Daniel
                            Senior United States District Judge